AO 91 (Rev. 11/11) Criminal Complaint  AUSA Bethany Biesenthal (312) 886-7629; SAUSA Jeffrey Snell (312) 469-6308

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

UNITED STATES OF AMERICA

v.

PETHINAIDU VELUCHAMY and
PARAMESWARI VELUCHAMY

CASE NUMBER:
UNDER SEAL



FILED
OCT 3 0 2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

15 CR 656
MAGISTRATE JUDGE SCHENKIER

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief: On or about June 17, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere, each defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 1542 | willfully and knowingly made a false statement in an application for passport with the intent to induce or secure the issuance of a passport under the authority of the United States for each defendant's own use, contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws. |

This criminal complaint is based upon the facts contained in the Affidavit which is attached hereto and incorporated herein.

*(signed)*
JANE F. FERGUSON
Special Agent
Federal Bureau of Investigation

Sworn to before me and signed in my presence.

Date: October 30, 2015

*(signed)*
*Judge's signature*

City and state: Chicago, Illinois

SIDNEY I. SCHENKIER, U.S. Magistrate Judge
*Printed name and Title*

| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| | ss |
| NORTHERN DISTRICT OF ILLINOIS | |

## AFFIDAVIT

I, JANE F. FERGUSON, being duly sworn, state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation. I have been so employed since approximately March 1990. My current responsibilities include the investigation of white collar crime, including mail, wire, and bank fraud.

2. This affidavit is submitted in support of a criminal complaint alleging that PETHINAIDU VELUCHAMY and PARAMESWARI VELUCHAMY (the "VELUCHAMYS") have violated Title 18, United States Code, Section 1542. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging PETHINAIDU VELUCHAMY and PARAMESWARI VELUCHAMY each with making a false statement in an application for passport, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendants committed the offense alleged in the complaint.

3. This affidavit is based on information obtained from law enforcement and government personnel, interviews with employees of the United States District Court for the Northern District of Illinois, publicly available court records, my personal knowledge and observations, and my examination of various reports, documents, and computer databases. Unless otherwise indicated, when the contents

of a document, or an individual's statement, are reported herein, they are reported in substance and part and are not intended to be a verbatim recitation of the document or statement.

4. According to 22 U.S.C. § 213, and the United States Department of State passport regulations (22 C.F.R. Part 51), in order to obtain a United States passport, an individual must apply for the passport. A passport applicant is required to submit a written passport application containing truthful answers to all questions. All information and evidence submitted in connection with a passport application is considered to be part of the application.

5. Unless authorized by the U.S. Department of State, an individual may not bear more than one valid passport book and one valid passport card at a time. When applying for a new passport, an individual must submit any currently valid passport of the same type for cancellation. If the applicant is unable to produce the currently valid passport that he or she seeks to replace, then the applicant must submit a signed statement in the form prescribed by the U.S. Department of State setting forth the circumstances regarding the disposition of the passport. The U.S. Department of States has prescribed Form DS-64, Statement Regarding a Lost or Stolen Passport Book and/or Card ("Lost Passport Statement"), for this purpose.

## I. Seizure of the VELUCHAMYS' Passports

6. On August 19, 2009, Bank of America, N.A. ("BoA"), as successor to LaSalle Bank, filed suit against the VELUCHAMYS and First Mutual Bancorp of Illinois, Inc. ("First Mutual") in the United States District Court for the Northern District of Illinois. On December 30, 2010, BoA secured judgment (1) against the VELUCHAMYS in excess $31,000,000 (Case No. 09 CV 5109) and (2) against PETHINAIDU VELUCHAMY and First Mutual in excess of $10,000,000 (Case No. 09 CV 5108) (hereinafter collectively referred to as the "BoA Litigation" and "BoA Judgment").

7. On March 16, 2011, during the course of post-judgment proceedings in the BoA Litigation, BoA filed an emergency motion (the "Emergency Motion") seeking, among other relief, an order compelling:

> the Veluchamys to temporarily surrender all of their passports, whether issued by the United States or another country, to the Clerk and remain in this country (i) while this motion is being briefed and decided, and (ii) if this motion is granted, until the money sent abroad has been turned over to the Clerk.

I have reviewed a transcript of the hearing held March 16, 2011, in the BoA Litigation, where the Honorable Milton I. Shadur ruled in open court, over the objections of the VELUCHAMYS' counsel, that the VELUCHAMYS were to deliver their passports to chambers and were not to travel. On March 18, 2011, the District Court entered an order (the "March 18, 2011, Passport Order") codifying the ruling from March 16, 2011. Among other things, the March 18, 2011, Passport Order (1) required the VELUCHAMYS to "temporarily turn over all of their passports of any

3

kind and any other documents that would permit international travel" to the Court, and (2) prohibited the VELUCHAMYS from leaving the United States while their passports and travel documents were in the Court's possession. The March 18, 2011, Passport Order provided that the passports would remain in the Court's possession until the earlier of:

> (a) the Judgment Debtors' repatriation of monies they transferred outside the United States since June 30, 2009 and deposit thereof into the registry account for the United States District Court for the Northern District of Illinois, (b) the Judgment Debtors' provision of evidence satisfactory to the Court that the monies were transferred for legitimate reasons other than to remove assets from the jurisdiction of the Court or hide it from creditors, (c) satisfaction of Bank of America's judgments, or (d) further Court order.

8. I understand that the VELUCHAMYS' passports were delivered to the Honorable Milton I. Shadur on or around March 21, 2011. I have reviewed a letter dated March 21, 2011 (the "March 21 Transmission Letter"), from the VELUCHAMYS' then-counsel, Robert D. Cheifetz, to Judge Shadur, that references the VELUCHAMYS' passports as being enclosed. The March 21 Transmission Letter indicates that it was delivered by hand. There is a signature acknowledging receipt of the passports and a "RECEIVED" stamp on the letter.

9. On March 23, 2011, the VELUCHAMYS petitioned the United States Court of Appeals for the Seventh Circuit for a writ "commanding the District Court (1) to vacate its orders of March 16 and March 18, which impounded Petitioners' passports and enjoined Petitioners from traveling abroad; and (2) to return Petitioners' passports to them immediately" (the "Petition for Writ of Mandamus"). The Petition for Writ of Mandamus was assigned Case No. 11-1685 by the Court of

4

Appeals. On March 24, 2011, the Court of Appeals entered its order denying the Petition for Writ of Mandamus.

10. On March 24, 2011, the VELUCHAMYS filed their Notice of Appeal from the District Court's March 16, 2011, oral ruling and the March 18, 2011, Passport Order (the "Appeal"). The Appeal was assigned Case Nos. 11-1704 and 11-1705. In their Appellant Brief, filed April 8, 2011, the VELUCHAMYS framed the issues presented as follows:

> 1. Whether a district court may confiscate a judgment debtor's passport – and enjoin him from foreign travel – for an indefinite period of time.
>
> 2. Whether a district court may enjoin travel and confiscate passports in the absence of a demonstrated propensity on the judgment debtor's part to leave the country in order to avoid the litigation.
>
> 3. Whether a district court may enjoin travel and confiscate passports without the judgment debtor having previously been held in contempt in that litigation.

11. On April 18, 2011, PARAMESWARI VELUCHAMY filed a motion in the BoA Litigation seeking return of her passport so that she could travel to India for a Hindu pilgrimage (the "First Motion for Passport Return"). I have reviewed a transcript of the April 20, 2011, hearing where the District Court granted the First Motion for Passport Return over BoA's objection. In granting the motion, the Court specified that the return of the passport was only temporary, and that the passport was to be redeposited with the Court before close of business on May 25, 2011 (the day after PARAMESWARI VELUCHAMY'S scheduled return). It is my understanding, from reviewing a May 25, 2011, letter from PARAMESWARI

5

VELUCHAMY'S counsel, and statements contained in other documents found on the public docket, that the passport was tendered to Courtroom Deputy Sandy Newland on May 25, 2011, as required.

12. On May 25, 2011, the VELUCHAMYS filed a motion in the BoA Litigation seeking return of their passports to travel to India from June 13, 2011, to June 22, 2011, for a wedding (the "Second Motion for Passport Return"). The Second Motion for Passport Return was presented on June 6, 2011, and was denied on the record during that hearing.

13. On June 7, 2011, PARAMESWARI VELUCHAMY filed a motion in the BoA Litigation seeking the return of her passport so that she could travel to India from June 13, 2011, to June 22, 2011, for a wedding[1] (the "Third Motion for Passport Return"). The Third Motion for Passport Return was denied on the record during a hearing conducted June 8, 2011.

14. On June 16, 2011, the United States Court of Appeals for the Seventh Circuit issued its opinion and entered its order affirming the March 16, 2011, oral ruling and the March 18, 2011, Passport Order.

15. On August 30, 2011, the VELUCHAMYS filed a motion in the BoA Litigation seeking return of their passports so that they could travel to London, Ontario, Canada, for a wedding on September 4, 2011 (the "Fourth Motion for Passport Return"). The Fourth Motion for Passport Return argued that because the

---

[1] The Second Motion for Passport Return and the Third Motion for Passport Return concerned the same travel. After the District Court denied the VELUCHAMYS' joint request to travel, PARAMESWARI VELUCHAMY sought permission to travel alone.

6

VELUCHAMYS filed for bankruptcy relief on August 16, 2011, the automatic stay provided by 11 U.S.C. § 362 should cause the return of their passports. The Fourth Motion for Passport Return was denied on the record during a hearing held September 1, 2011.

16. On December 13, 2011, the VELUCHAMYS filed a motion in their bankruptcy case (Case No. 11-33413) seeking modification of the automatic stay so that all parties could return to the District Court to support or oppose a contemplated motion for the return of their passports. On January 26, 2012, the United States Bankruptcy Court for the Northern District of Illinois entered its order modifying the automatic stay for this limited purpose.

17. On February 10, 2012, BoA filed a motion requesting that the District Court "hold a status hearing for the purpose of establishing a process for resolving the [VELUCHAMYS' not yet filed] passport motion" (the "Status Motion"). On February 16, 2012, the VELUCHAMYS responded to the Status Motion, pointing out that there was no pending motion requesting the return of their passports, and that it was their prerogative to determine if and when such a motion would be brought. I have reviewed a transcript of the hearing held February 17, 2012, in the BoA Litigation where the VELUCHAMYS' counsel informed the District Court, with respect to a possible motion regarding the passports:

> As we stand here today there is no intention to bring a motion. I don't know when and if that will change. But as I did say, there is [sic] many more matters that are pressing for the Veluchamys to deal with first.

7

Thereafter, the District Court struck the Status Motion by minute entry "as it is a status report and not a motion." A review of the public docket in the BoA Litigation indicates that there has been no further activity with respect to the passports. The BoA Litigation remains pending.

**II. Location of the Passports Since the Initial Seizure**

18. I have interviewed the Honorable Milton I. Shadur and Courtroom Deputy Sandy Newland of the United States District Court for the Northern District of Illinois. I understand from these interviews, as well as a review of the public dockets, that PETHINAIDU VELUCHAMY'S passport has been in the continuous custody of Judge Shadur since March 21, 2011, and that PARAMESWARI VELUCHAMY'S passport has been in the continuous custody of Judge Shadur since it was returned on May 25, 2011. Throughout this period, Judge Shadur has kept the VELUCHAMYS' passports in the center drawer of his desk located within his chambers in the United States Courthouse at 219 South Dearborn Street, Chicago, Illinois. During an interview conducted October 22, 2015, Judge Shadur made the VELUCHAMYS' passports available for inspection, and allowed myself and a colleague to view the center drawer of his desk where the Passports are stored. Judge Shadur is presently in custody of Passport No. 215623677 issued by the United States of America on October 18, 2005, to PETHINAIDU VELUCHAMY, and Passport No. 209398905 issued by the United States of America on November 6, 2003, to PARAMESWARI R. VELUCHAMY.

8

### III. The VELUCHAMYS' Applications for New Passports

19. In or around June of 2013, the VELUCHAMYS obtained new passports from the United States of America.

20. I have reviewed a copy of the Application for U.S. Passport filed by PETHINAIDU VELUCHAMY on or around June 17, 2013. Accompanying the Application was a photocopy of PETHINAIDU VELUCHAMY'S Illinois Driver's License (License No. V425-6604-5371; Expiration 12-30-2013) and a Lost Passport Statement. In the Lost Passport Statement, PETHINAIDU VELUCHAMY represented that he was previously issued Passport No. 215623677 and stated: "I did not travel and use the passport since December 2010. I have moved recently. I have misplaced." Because the Lost Passport Statement was submitted with PETHINAIDU VELUCHAMY'S Application for U.S. Passport, it is considered to be a part of that application under 21 C.F.R. 51.1(g).

21. I have reviewed a copy of the Application for U.S. Passport filed by PARAMESWARI VELUCHAMY on or around June 17, 2013. Accompanying the Application was a photocopy of PARAMESWARI VELUCHAMY'S Illinois Driver's License (License No. V425-6605-0799; Expiration 7-13-2015) and a Lost Passport Statement. In the Lost Passport Statement, PARAMESWARI VELUCHAMY represented that she was previously issued Passport No. 209398905 and stated: "I did not travel and use the passport since December 2010. I have moved recently. I don't remember where I kept it." Because the Lost Passport Statement was

submitted with PARAMESWARI VELUCHAMY'S Application for U.S. Passport, it is considered to be a part of that application under 21 C.F.R. 51.1(g).

22. On or around June 21, 2013, the United States of America issued a new passport to PETHINAIDU VELUCHAMY, Passport No. 504816524.

23. On or around June 21, 2013, the United States of America issued a new passport to PARAMESWARI VELUCHAMY, Passport No. 504816525.

### IV. The VELUCHAMYS' Travel on New Passports

24. Based on information provided by the United States Customs and Border Patrol, I understand that PARAMESWARI VELUCHAMY and PETHINAIDU VELUCHAMY have each travelled internationally at least five (5) times using the passports issued on or around June 21, 2013. The VELUCHAMYS departed the United States on October 14, 2015, and they currently remain abroad.

25. Based on the foregoing information, there is probable cause to believe that on or around June 17, 2013, PETHINAIDU VELUCHAMY and PARAMESWARI VELUCHAMY each willfully and knowingly made a false statement in an application for a passport with intent to induce or secure the issuance of a passport under the authority of the United States, for their own use, contrary to the laws regulating the issuance of passports and/or the rules prescribed pursuant to such laws, in violation of Title 18, United States Code, Section 1542.

FURTHER AFFIANT SAYETH NOT.

_____
JANE F. FERGUSON
Special Agent
Federal Bureau of Investigation

SUBSCRIBED AND SWORN to before me on October 30, 2015.

_____
SIDNEY I. SCHENKIER
United States Magistrate Judge

11